IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK10-80177 |
| | ) | CHAPTER 11 |
| RICH LEARNING SYSTEMS, INC., | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW 140th & Center Streets, L.L.C., ("Landlord"), and in its Motion for Relief from the Automatic Stay, states as follows:

1. Landlord brings this Motion pursuant to 11 U.S.C. §362 (d), 11 U.S.C. §365, and Nebraska Rule of Bankruptcy Procedure 4001-1.

2. Jurisdiction over this matter is conferred upon the Court by 28 U.S.C. §157.

3. On or about May 8, 2003, Landlord and Rich Learning Systems, Inc. d/b/a Sylvan Learning Center ("Debtor") entered into a Lease Agreement.

4. Under the Lease Agreement, Debtor leases from Tenant a retail store front located at 2730 South 140th Street in Omaha, Nebraska (the "Premises").

5. Debtor has not vacated the Premises.

6. Prior to January 22, 2010, Debtor owed Landlord Twenty-Five Thousand Three Hundred Nineteen and 17/100 Dollars ($25,319.17) in amounts then due and owing under the Lease, including unpaid rent, late fees, CAM charges and adjustments of previous years CAM charge permitted to be assessed under the Lease Agreement and was in default under the Lease.

7. On or about January 22, 2010, Debtor instituted this proceeding by filing a Voluntary Chapter 11 Petition with this Court.

8. Since the filing of the Debtor's Chapter 11 Bankruptcy Petition, Debtor has failed to make payments of rent, CAM assessments and insurance payments which became due on February 1, 2010 and March 1, 2010. Not including late charges and other fees, Debtor's unpaid post-Petition payments under the Lease Agreement total Twenty-Five Thousand Two Hundred Ninety-Five and 95/100 Dollars ($25,295.98) (the "Post-Petition Debt").

9. Debtor has not indicated through filings with this Court whether it intends to accept or reject the Lease Agreement.

10. Based upon the financial information of the Debtor on file with the Court, it appears unlikely that the Debtor will not be able to assume the Lease Agreement as it will not be able to provide adequate assurance of future performance as required by 11 U.S.C. §365(b).

11. As there is presently no indication that the Debtor will be able to provide adequate assurance of future performance of the Lease Agreement, Landlord is entitled to relief from the automatic stay in bankruptcy pursuant to 11 U.S.C. §362(d)(1).

WHEREFORE, 140th & Center Streets, L.L.C. moves the Court for relief from the automatic stay in bankruptcy and allowing 140th & Center Streets, L.L.C. to take legal action necessary to recover the possession of the premises including filing an action to recover the premises under applicable law. 140th & Center Streets, L.L.C. further requests that the Court set this matter for hearing on April 8, 2010.

      140th & CENTER STREETS, L.L.C.,
      Creditor

By: /s/ Mark J. LaPuzza
    Mark J. LaPuzza #22677
    Pansing Hogan Ernst Bachman LLP
    10250 Regency Circle, Suite 300
    Omaha, NE 68114
    (402) 397-5500
    Fax : (402) 397-4853
    Email: mjlbr@pheblaw.com
    ITS ATTORNEY

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2010, I caused filing of the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, and further certify that on the same date I mailed by United States Postal Service, postage prepaid, the document to the non-CM/ECF participants named on the current matrix.

    /s/ Mark J. LaPuzza
    Mark J. LaPuzza