IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-80177-TJM |
| | ) | |
| RICH LEARNING SYSTEMS, INC., | ) | |
| | ) | CH. 11 |
| Debtor(s) | ) | |
| | ) | |

ORDER

      Hearing was held in Omaha, Nebraska, on April 19, 2010, regarding Filing #31, Motion for Relief from Stay, filed by Sylvan Learning, Inc., and Filing #53, Objection, filed by Mutual First Federal Credit Union and Filing #54, filed by the debtor. David Hicks appeared for the debtor, Michael Whaley appeared for Sylvan Learning, Inc., David Skalka appeared for Mutual First Federal Credit Union, and Doug Quinn appeared for Diana Rich.

      Sylvan Learning, Inc. ("Sylvan") has filed a motion for relief from the automatic stay for cause, including lack of adequate protection. Sylvan is the franchisor of certain learning systems used by the debtor under three franchise agreements or licenses. The debtor is required under each of those agreements to pay royalty fees and certain other license fees. The debtor is delinquent for pre-petition fees and, as of the date of the hearing on the motion for relief, had not made any payments on a post-petition basis.

      The debtor has resisted the motion, suggesting that the whole matter is more efficiently resolved through the assumption or rejection of the agreements and that it has until plan confirmation to assume or reject.

      The debtor operates a business based solely on its franchise rights. Although it has significant accounts receivable, it has operated at a loss for the months of February and March 2010 on a cash basis.

      The approved cash collateral agreement with Mutual First Federal Credit Union, Exhibit A-1, Filing #65, provides for the use of cash collateral to pay fees to Sylvan equivalent to 13% of debtor's gross monthly revenues related to Sylvan Learning Center.

      There is nothing in the Bankruptcy Code that gives a non-debtor party to an executory contract the right to relief from the automatic stay prior to the deadline for assuming or rejecting the executory contract. However, the debtor's monthly revenues depend totally upon its use of the Sylvan name in the business. It is not fair to continue to use the Sylvan name and any benefits that accrue from such use without paying some monetary compensation prior to the assumption or rejection deadline. If no compensation is paid post-petition, and the franchise agreements are rejected, Sylvan's pre-petition claim will be significantly increased.

      Since the cash collateral agreement permits the use of cash collateral, that is, monthly revenue, to pay 13% of the gross monthly revenues to Sylvan, that amount is what will be required to retain the status quo until the assumption/rejection deadline. In addition, the debtor must submit the appropriate monthly reports required by the franchise agreement and do so on a timely basis.

      The motion for relief is denied without prejudice. If the debtor fails to submit the appropriate

reports or make at least the payment provided for in the cash collateral agreement, beginning in May for the April reporting period, Sylvan may renew its request for an order compelling assumption or rejection and renew its request for relief from the automatic stay.

    IT IS ORDERED that the Motion for Relief from Stay, Filing #31, is denied without prejudice.

DATED:    May 4, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    David Hicks
    *Michael Whaley
    David Skalka
    Doug Quinn
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.