IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN RE: RICH LEARNING SYSTEMS, INC.          )          CASE NO. BK 010-80177
     A Nebraska Corporation.                    )                    CHAPTER 11

**MOTION FOR AN ORDER PURSUANT TO SECTION 365(a) AUTHORIZING
DEBTOR TO REJECT AN EXECUTORY CONTRACT**

COMES NOW the Debtor and Debtor in Possession, Rich Learning Systems, Inc., a Nebraska Corporation (hereinafter "Rich") and pursuant to 11 U.S.C. Sec. 365(a), Moves the Court for an Order authorizing Rich to Reject an Executory Contract wherein Rich is the Licensee and Sylvan Learning Systems, Inc. the Licensor, of a franchise agreement wherein Rich was licensed to conduct the business of a Sylvan Learning Center in the territory of Sioux City, Iowa, pursuant to a licensing agreement entered into on or about April 1st, 2003. There are other licensing agreements between these parties that are not affected by Rich's business decision to reject this executory contract, nor are they a subject of this Motion.  In support of this Motion, Rich states to this Court as follows:

1)      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sec. 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. Sec. 157(b).

2)      The statutory predicates for the requested relief herein are Sections 105(a), 365(a) and 554(a) of the Bankruptcy Code.

3)      On January 22nd, 2010, ("Petition Date") Rich filed its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.  Since the Petition Date, Rich is continuing to operate its business and manage its property as Debtor in Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4)      Neither a trustee nor an examiner has been appointed in this case.  No official committee of unsecured creditors has been appointed.

5)      During the course of its operating the business as a debtor in possession, Rich has made a business judgment that the aforesaid Licensing Agreement is burdensome to the estate and should be rejected. Rich intends to operate Sylvan Learning Centers from its territories in Omaha and Bellevue, but desires to reject the Sioux City franchise. Rich believes that the rejection of the Sioux City franchise will assist Rich in

its reorganization efforts, helping it meet its operational and reorganization needs for substantially less expense, significantly contributing to the difference between positive cash flow and monthly deficit. The decision to assume or reject an executory contract or unexpired lease is a matter within the business judgment of the debtor in possession. *In Re Crystalin, LLC*, 293 B.R. 455 (B.A.P. 8th Cir. 2003).

6)      Rich has evaluated the subject License Agreement and determined in its best business judgment that rejection of the executory contract is in the best interest of the bankruptcy estate and said rejection is necessary for an effective reorganization.

7)      The License Agreement had not been terminated prior to the Order for Relief herein under applicable non-bankruptcy law.  However, Rich proposes to abandon it as burdensome to the estate pursuant to Section 554.

WHEREFORE, Rich prays that the Court enter an Order Authorizing Debtor to reject the executory contract with Licensor for the Sioux City, Iowa territory and for such other and further relief as may be just and equitable under the circumstances.


Rich Learning Systems, Inc., a Nebraska corporation,
Debtor and Debtor in Possession



By: */s/ David G. Hicks*
DAVID G. HICKS,  #16853
POLLAK & HICKS, P.C.
216 Overland Wolf Centre
6910 Pacific St.
Omaha, NE  68106
(402) 345-1717
Attorneys for Debtor & Debtor in Possession


**NOTICE SETTING RESISTANCE DEADLINE**

PURSUANT TO Neb. R. Bankr. P. 9013, You are notified as follows:

1. David G. Hicks, attorney for the above captioned debtor, has filed a Motion for an Order Pursuant to Section 365(a) Authorizing Debtor to Reject an Executory Contract.

2. The last day to file a objection to the above Motion is May 28, 2010.  The resistance must be served upon the Court and on Debtor's counsel.

3. If the resistance period expires without the filing of any resistance, and declaration, the Court will consider entering an order granting relief sought without further notice or hearing.

*/s/ David G. Hicks*
David G. Hicks
POLLAK & HICKS, P.C.
Attorneys at Law
216 Overland Wolf Centre
6910 Pacific Street
Omaha, NE 68106

**Certificate of Service**

The undersigned hereby certifies that the foregoing Motion to Reject Executory Contract was served upon parties in interest by electronically filing it with the Clerk of the U.S. Bankruptcy Court for the District of Nebraska utilizing the CM/ECF system on the 7th day of May, 2010.

*/s/ David G. Hicks*
David G. Hicks